FILED

12/05/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0680

 **ORIGINAL**

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0680

D'WAYNE ROSCHELL BAILEY,

Petitioner,

v.

BRIAN GOOTKIN, AND NINETEENTH
JUDICIAL DISTRICT COURT,
HONORABLE MATTHEW CUFFE,

Respondents.

O R D E R

FILED

DEC – 5 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

D'Wayne Roschell Bailey moves this Court "to take supervisory control" over the Nineteenth Judicial District Court, Lincoln County. We deem his pleading a petition for a writ of supervisory control, M. R. App. P. 14(3), and amend the caption to include the District Court and presiding Judge. M. R. App. P. 14(6).

Bailey is serving a forty-five-year prison sentence, imposed in June 2005. His pleading is not clear. It appears that Bailey is requesting this Court to intervene in his attempt to file a petition for a writ of habeas corpus in the Lincoln County District Court because the court has not filed it or has not taken the filing under consideration. Bailey also includes a letter to the office of the Clerk of the Supreme Court, questioning why documents were returned to him. This may be because Bailey's pleading, including the certificate of service, is deficient. He wrote the name of the Attorney General, but he did not provide an address. It appears he failed to serve the District Court Judge, as required for a petition for supervisory control. M. R. App. P. 14(6).

Bailey also claims he is not being provided with documents from his prior criminal cases. However, he cannot obtain documents by way of a motion after his cases are

completed. There is no "live" action to entertain his motions. Bailey's efforts to compel discovery and to produce documents are not the proper method. Bailey may receive copies of documents upon request and payment to the Clerk of District Court.[1]

Supervisory control operates on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). The case must meet one of three additional criteria. *Spady*, ¶ 11; M. R. App. P. 14(3)(a)-(c).

Bailey's motion fails to establish jurisdiction for this original proceeding. M. R. App. P. 14(3). There is no pending proceeding in District Court, and Bailey has not met any of the criteria. We secured a copy of the District Court's docket sheet. The most recent filing occurred on October 26, 2018, when the District Court denied Bailey's Motion for a Temporary Restraining Order. Bailey's underlying criminal case has been closed since that date. There is no matter in the District Court over which to take supervisory control. M. R. App. P. 14(3) and 14(6). Accordingly,

IT IS ORDERED that Bailey's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Matthew Cuffe, District Court Judge; Tricia Brooks, Clerk of District Court, Lincoln County, under

---

[1] In 2016, we denied Bailey's request for mandamus against two district courts wherein he sought to compel production of documents in his criminal and civil cases. We explained to him that he may purchase copies of documents from a court record under Montana law and that while he may be indigent, he still must pay for those copies, pursuant to § 25-10-404(1), MCA. *Bailey v. Nineteenth Judicial Dist. Ct. and Third Judicial Dist. Ct.*, No. OP 16-0486, Order denying writ (Mont. Aug. 30, 2016).

Cause No. DC-04-89; Brian Gootkin, Department of Corrections Director; counsel of record, and D'Wayne Roschell Bailey along with a copy of M. R. App. P. 14.

DATED this 5 day of December, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices